J-A25045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TELLY ROYSTER | : | |
| Appellant | : | No. 1906 EDA 2016 |

Appeal from the PCRA Order May 13, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0903181-1999

BEFORE:   OTT, STABILE, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:　　　　**FILED SEPTEMBER 19, 2017**

Appellant Telly Royster appeals *pro se* from the Order entered in the Court of Common Pleas of Philadelphia County on May 13, 2016, denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

In the early morning hours of June 7, 1999, Appellant shot two men as they sat in the stairwell of their apartment building.  One of the victims died, and the other survived a gunshot wound to his abdomen.

On October 27, 2000, following a jury trial, Appellant was convicted of first-degree murder, attempted murder, aggravated assault and various weapons offenses.[2]   On October 30, 2000, Appellant was sentenced to life

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. §§ 2502; 901; 907; and 6106, respectively.

_____

imprisonment on the murder conviction, a consecutive term of five (5) years to ten (10) years in prison for the attempted murder conviction and concurrent terms of one (1) year to two (2) years in prison for each of the weapons offenses. Appellant filed a direct appeal, and this Court affirmed his judgment of sentence on May 5, 2003. *Commonwealth v. Royster*, 829 A.2d 364 (Pa.Super. 2003) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Appellant filed his first PCRA petition *pro se* on September 5, 2003. Appellate counsel was appointed and filed an amended petition on June 14, 2004. Therein, Appellant raised six, separate claims of ineffective assistance of trial counsel. After providing notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, the PCRA court entered an order doing so on February 7, 2005. A timely appeal followed, and this Court affirmed the order on March 7, 2006 *Commonwealth v. Royster*, 898 A.2d 1133 (Pa.Super. 2006) (unpublished memorandum).

Appellant filed the instant PCRA petition on January 23, 2015. Therein, he acknowledged the petition was filed untimely but claimed the "after-discovered evidence" exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), to the PCRA time bar applied. *See* PCRA Petition, filed 1/23/15, at 1. Specifically, Appellant alleged counsel's struggle with mental illness about which Appellant read in an article dated December 15, 2014, concerning counsel's suspension from the practice of law in The Legal Intelligencer resulted in

counsel's failure to investigate and raise a diminished capacity defense at Appellant's trial. *Id*. at 1-2.

PCRA counsel was appointed and later filed two, identical **Turner/Finley**[3] "no-merit letters on January 13, 2016, and March 24, 2016, respectively. On April 8, 2016, the PCRA court provided notice of its intent to dismiss the petition without a hearing. On May 13, 2016, the PCRA court entered an order permitting counsel to withdraw, and on May 20, 2016, it dismissed Appellant's PCRA petition as untimely. Appellant filed a timely appeal on June 6, 2016.[4]

In his brief, Appellant presents the following "Statement of the Question Involved":

> Under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S.A. § 9545(b)(1)(ii), a person may petition for review of his or her conviction more than one year after the conviction becomes final if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."
> Here, did the Philadelphia County Court of Common Pleas commit reversible error when-
> 1) Judge Ransom in a rule 907 intent to dismiss ruled petitioners [sic] PCRA untimely without having a hearing on timeliness when the petition clearly states it invokes the

---

[3] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 379 Pa.Super. 390, 550 A.2d 213 (1988).

[4] As the Honorable Lillian Ransom was no longer sitting as a judge in Philadelphia County at the time the instant appeal was filed, the record was forwarded to this Court without an opinion pursuant to Pa.R.A.P. 1925(a).

exception and is being filed within 60 days of the newly discovered evidence?

2) Counsel was permitted to withdraw without taking any actions on behalf of petitioner or his issues which have merit and were filed timely?

Brief for Appellant at 2.

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)  Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

As noted previously, Appellant was sentenced on October 30, 2000, and this Court affirmed the judgment of sentence on May 5, 2003. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court; therefore Appellant's judgment of sentence became final thirty days thereafter on June 5, 2003. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). Since Appellant filed the instant petition on January 23, 2015, almost twelve years thereafter, it is patently untimely and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to

- 5 -

the one-year time-bar is applicable. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception). In addition, an Appellant must comply with 42 Pa.C.S.A. § 9545(b)(2) (stating "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented").

Appellant claims the "new fact" of trial counsel's diagnosis with Attention Deficit Hyperactivity Disorder (ADHD) in 2011 was unavailable to him until he discovered the article in The Legal Intelligencer in December of 2014. Appellant asserts that counsel's "undiagnosed list of psychiatric disorders that caused or rather impacted his lack of competent representation pre-trial and during trial" entitles him to relief and, thus, the PCRA court erred in permitting PCRA counsel to withdraw "without having performed any duties on behalf of Appellant." Brief for Appellant at 5-6. Appellant avers that because he filed the instant PCRA petition within sixty days of the date of the article, it was timely filed under an exception to the PCRA time-bar. Brief for Appellant at 4-5; Reply Brief for Appellant at 3.

Assuming, *arguendo*, Appellant filed the instant petition within sixty days of the article's publication, Appellant's bald claims that counsel's medical diagnosis affected his representation of Appellant in 2000 do not entitle him to relief. The exception set forth in Subsection (b)(1)(ii) requires

a petitioner to allege and prove that there were facts that were unknown to him or her and could not have been ascertained by the exercise of due diligence. **Commonwealth v. Bennett**, 593 Pa. 382, 393, 930 A.2d 1264, 1270 (2007). "The focus of the exception is 'on [the] newly discovered *facts, not on a newly discovered or newly willing source for previously known facts.'*" **Commonwealth v. Marshall**, 596 Pa. 587, 596–97, 947 A.2d 714, 720 (2008) (citation omitted) (emphasis in original). Also, it is well-settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. **Commonwealth v. Wharton**, 584 Pa. 576, 588, 886 A.2d 1120, 1127 (2005) S**ee also Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585, 589 (2000) (holding an allegation of ineffectiveness is not sufficient justification to overcome otherwise untimely PCRA claims); **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 753 A.2d 780, 785-86 (2000) (finding the "fact" that current counsel discovered prior PCRA counsel had failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence exception to time-bar).

Herein, the basis of Appellant's claim is the alleged fact that trial counsel had been ineffective in failing to investigate or present a diminished capacity defense at trial; however, this allegation is not dependent upon any subsequent medical diagnosis affecting trial counsel about which Appellant may have read in 2014, as Appellant clearly would have been aware that

- 7 -

counsel did not present a diminished capacity defense at trial in 2000. Appellant had the opportunity to present this claim in his first PCRA petition along with the other allegations of trial counsel's ineffectiveness that he raised, but he failed to do so. [5] As stated previously, a panel of this Court thoroughly considered the numerous allegations of trial counsel's ineffectiveness that Appellant raised in his first PCRA petition and found each to be meritless. Thus, "Appellant's attempt to interweave concepts of ineffective assistance of counsel and after-discovered evidence as a means of establishing jurisdiction is unconvincing." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 79–80, 753 A.2d 780, 785 (2000).

While Appellant also seeks reversal of the trial court's order permitting PCRA counsel to withdraw, it is well-settled that one has no automatic right to counsel upon filing a second PCRA petition. *See* Pa.R.Crim.P. 904(b). As Appellant has not raised a cognizable claim under the PCRA time-bar, the PCRA court did not err in permitting counsel to withdraw. For the foregoing reasons, Appellant's second PCRA petition is untimely, and he has failed to

---

[5] The copy of the Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania Appellant which attaches to his appellate brief states the contrary: "[a]ll of [counsel's] clients but one had been convicted of homicide and were serving lengthy prison sentence. None of the clients suffered irreparable harm, because all were ultimately permitted to pursue their appellate and PCRA claims despite [counsel's] failure to file them on time." *See* "Exhibit B" to Brief of Appellant titled "Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania" at 9. (footnote omitted).

plead and prove an exception to the statutory time-bar. The PCRA court properly dismissed it, and we discern no other basis on which to disturb the PCRA court's dismissal of Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017